UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              :       Chapter 15
                                                                    :
                                                                    :       Case No. 16-_____ (___)
CINQUE TERRE FINANCIAL GROUP                                        :
LIMITED,                                                            :
                                                                    :
                Debtor in a                                         :
                Foreign Proceeding.                                 :
                                                                    :
-----------------------------------------------------------x

**DECLARATION OF ANDREW THORP IN SUPPORT OF VERIFIED PETITION
FOR RECOGNITION OF FOREIGN INSOLVENCY PROCEEDING AND
APPLICATION FOR RELIEF PURSUANT TO THE BANKRUPTCY CODE**

I, Andrew Thorp, declare as follows:

**QUALIFICATIONS TO PROVIDE EXPERT EVIDENCE**

1.      I am a partner at Harney Westwood & Riegels ("**Harneys**"), a Cayman and British Virgin Islands ("**BVI**") law firm. I am also the head of Harneys' Litigation and Insolvency Department in the BVI. I was admitted to practice as a solicitor of the Supreme Court of England and Wales in 1998 and since 2005 have been admitted to practice as a solicitor in the VI.

2.      I received my Bachelor of Laws degree from the University of Nottingham in 1994. I undertook the Legal Practice Course at Chester College of Law in 1996 and was admitted to practice as a solicitor by the Law Society of England and Wales in 1998. I was admitted to practice as a solicitor in the BVI in 2005 and from that date to 2010, I was an associate then a partner of Harneys. In 2013, I became the head of Harneys' BVI litigation and insolvency practice group. Harneys is the oldest and largest law firm in the BVI and has offices in 11 other jurisdictions.

3. I am a former global director of INSOL International, a world-wide federation that specialises in turnaround and insolvency representing over 44 Member Associations with over 10,000 professionals, members of the judiciary and regulators participating as members. In addition, I am the chairman of the Restructuring and Insolvency Professionals Association in the BVI and am on the editorial board of INSOL International. I am also a member of the Commercial Bar Association, an organization based in London that was formed to bring together barristers who practice international and commercial law. I am also an Honorary member of the Chancery Bar and Commercial Bar Associations as well as the BVI Bar Association.

4. I am the author of numerous publications on BVI law and have appeared as an expert witness on matters in relation to BVI insolvency and company law on numerous occasions.

## PURPOSE OF DECLARATION

5. I submit this Declaration in support of the petition to this Court of Stuart MacKellar, not individually but in his capacity as the duly appointed liquidator and foreign representative ("**Liquidator**") of Cinque Terre Financial Group Limited ("**Cinque Terre**" or the "**Foreign Debtor**"), a company undergoing liquidation before the Eastern Caribbean Supreme Court High Court of Justice, Virgin Islands Commercial Division (the "**BVI Court**"), claim number BVIHC (COM) 139 of 2015 (the "**BVI Liquidation**"), pursuant to Section 162 of the British Virgin Islands Insolvency Act of 2003 (the "**2003 Act**"), seeking recognition of the BVI Liquidation pursuant to 11 U.S.C. § 1517(b)(1) as a foreign main proceeding, as well as relief pursuant to the Bankruptcy Code, as defined below (the "**Application**").

6. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or learned from relevant documents including, without limitation, the

2

sworn declarations of Stuart MacKellar (the "**MacKellar Decl.**") or upon my opinion based upon my experience and knowledge. To the extent matters stated in this Declaration are statements of legal opinion, such statements represent my view of the law of the BVI as a practicing BVI attorney.

7.  For the reasons discussed below, it is my opinion that: (i) the Liquidator qualifies as the "foreign representative" of Cinque Terre in the BVI Liquidation, and the BVI Liquidation constitutes a "foreign proceeding" under 11 U.S.C. § 101(23) and (24), respectively; and (ii) the BVI liquidation is a "foreign main proceeding" within the meaning of Sections 1502(4) and 1517(b)(1) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

**Cinque Terre's Business**

8.  According to the MacKellar Declaration, Cinque Terre is a limited liability company formed on or about March 12, 2008 under the laws of the BVI and at all material times, Cinque Terre maintained its registered office at Craigmuir Chambers, Road Town, Tortola, British Virgin Islands

9.  Under the 2003 Act, the Liquidator is empowered to continue any remaining business of Cinque Terre, continue pending legal proceedings and/or pursue new legal action against others.

## THE BVI LIQUIDATION AND BVI INSOLVENCY LAW

10. According to the MacKellar Declaration, on November 17, 2015, Pegasus Oil Trading Limited ("**Pegasus**"), made an application to the BVI Court for an order under the 2003 Act placing Cinque Terre in liquidation and for the appointment of a liquidator, then ,another creditor of Cinque Terre, RB International Finance (USA) LLC ("**RB**

**International**"), filed an application to intervene in and be substituted as applicant. Ultimately,

the hearing on the Pegasus and RB International applications took place before the BVI Court on April 11, 2016. On that date, the BVI Court directed that Cinque Terre be wound up by the BVI Court in accordance with the provisions of the 2003 Act and appointed Mr. MacKellar as Liquidator of the company (the "**Liquidation Order**").

11. I am advised that the Liquidator Order represents the "commencement of a foreign proceeding" as defined in 11 U.S.C. § 101(24).

12. The full name of the 2003 Act is the "The Insolvency Act, 2003," and as amended by the Insolvency (Amendment and Consequential Provisions) Act 2004 and the BVI Business Companies Act 2004 (the "**BVIBC Act**"). It is a law relating to insolvency and adjustment of debts under BVI Law.

10. As set forth in Section 185(1)(a) of the 2003 Act, a liquidator appointed under the 2003 Act is required to take possession of, protect, and realize the assets of the company in liquidation, wherever they may be located, for the benefit of its creditors.

11. Section 175(1)(b) of the 2003 Act provides that, upon commencement of a liquidation proceeding, "the directors and other officers of the company remain in office, but they cease to have any powers, functions or duties other than those required or permitted under [Part VI of the 2003 Act]." Instead, the Liquidator is vested with responsibility for the management of Cinque Terre, subject to the supervision of the BVI Court.

12. The 2003 Act and the Liquidation Order together enumerate the Liquidator's powers, which is that Mr. MacKellar is empowered to carry out all the functions and duties of a liquidator under the 2003 Act, including the power to:

   a. Pay any class of creditors in full.

   b. Make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the company, whether present or future, certain or contingent, ascertained or not.

   c. Compromise, on such terms as may be agreed:

      i. Calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person; and

      ii. Questions in any way relating to or affecting the assets or the liquidation of the company;

      iii. And take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

   d. Commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the company in the BVI and elsewhere.

   e. Carry on the business of the company so far as may be necessary for its beneficial liquidation.

   f. Sell or otherwise dispose of property of the company.

   g. Do all acts and execute, in the name and on behalf of the company, any deeds, receipts or other document.

   h. Use the company's seal.

   i. Prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.

   j. Draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company with the same effect with respect to the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

    k. Borrow money, whether on the security of the assets of the company or otherwise.

    l. Take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently done in the name of the company.

    m. Call meetings of creditors or members for

        i. The purpose of informing creditors or members concerning the progress of matters arising in the liquidation;

        ii. The purpose of ascertaining views of creditors or members on any matter arising in the liquidation; or

        iii. Such other purpose connected with the liquidation as the Liquidator considers fit.

    n. Appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.

    o. Appoint an agent to do any business that the Liquidator is unable to do himself, or which can be more conveniently done by an agent.

    p. Apply to the Court for directions concerning any matter arising out of the exercise of the above powers.

    q. Do all other things incidental to the exercise of the above functions and powers.

13. BVI Court approval is normally required before the Liquidator exercises any of the first four powers (i.e., listed at paragraph [18] (a)-(d) above). In this instance however, the Court has not specifically reserved those powers to their sanction. *See generally* Liquidation Order ; 2003 Act at § 186(3). The other powers enumerated in the Liquidation Order are exercised without prior BVI Court approval, but are always subject to the review of the BVI Court.

14. Under Section 284 of the 2003 Act, the Liquidator is also empowered to investigate (i) the causes for the failure of Cinque Terre's business, as well as, generally, (ii) the promotion, business, dealings and affairs of Cinque Terre.

15. Under the 2003 Act, the Liquidator is entitled to all documents including, but not limited to, books and records of the company. With regard to legal privilege; once appointed, a liquidator stands in place of the company's office holders and therefore controls the legal professional privilege owed by the company's attorney to the company, entitling the liquidator to see all relevant legal documents covered by any applicable privilege.

16. As I stated above, the BVI Liquidation was ordered pursuant to the provisions of the 2003 Act. Together with the Insolvency Rules 2005, the 2003 Act is the law governing involuntary corporate insolvency in the BVI. Insolvency procedures provided for in the 2003 Act include liquidations, creditor arrangements, receiverships and administrative receiverships.

17. A key principle underlying the 2003 Act and insolvency proceedings in the BVI is the treatment of creditors *in pari passu*. The law requires that like creditors should be treated alike.

18. Under the 2003 Act, a court-appointed liquidator, such as Mr. MacKellar, is an officer of the BVI Court. 2003 Act § 184 (providing that a liquidator in a BVI liquidation proceeding acts as an officer of the BVI court).

19. BVI liquidation proceedings are fair and equitable. All creditors have an opportunity to be heard by the BVI Court and no creditor will be prejudiced because it is foreign-based.

20. The 2003 Act and the BVI Liquidation encompass all assets of Cinque Terre, world-wide. The BVI Liquidation is not for the benefit of any single creditor. Rather, it operates to resolve and determine all rights asserted by all claimants and stakeholders against Cinque Terre. *See,* 2003 Act § 207 (providing for the payment of classes of admitted claims and expenses in accordance with statutory priorities, and if the amount available for such claims is

insufficient to pay claims in full, directing rateable payment by class). Any person or entity with a claim against Cinque Terre may assert such claim in the BVI Liquidation.

21. Section 175 of the 2003 Act provides that upon the entry of a winding up order, no suit or other proceeding may be commenced or continued against the company except with leave of the BVI Court and subject to such terms as that Court might impose.

22. Specifically, Section 175 of the 2003 Act is entitled "Effect of Liquidation." Section 175(c) states that "unless the Court otherwise orders, no person may (i) commence or proceed with any action or proceeding against the company or in relation to its assets, or (ii) exercise or enforce, or continue to exercise or enforce any right or remedy over or against the assets of the company."

23. This automatic stay mirrors the stay imposed in U.S. bankruptcy proceedings, except in respect of secured creditors, which maintain certain self-help rights under BVI law notwithstanding the liquidation, and serves to promote the Liquidator's ability to deal with claims and creditors collectively and comprehensively.

24. Likewise, under BVI law, the Liquidator is under a duty to take possession of, protect, realise and obtain all assets of Cinque Terre wherever located. This is because piecemeal or haphazard resolution of claims risks preferential treatment and inconsistent adjudications.

25. The BVI Court exercises close supervision of BVI liquidation proceedings and Court-appointed liquidators. In practice, this means that not only is the management of Cinque Terre being conducted from within the BVI by the Liquidator, but is also subject to supervision by the BVI Court, and key aspects of that management, including the power to pay any class of creditors in full, the power to make a compromise or arrangement with creditors, the power to

compromise debts and liabilities and the power to commence, continue, discontinue or defend a legal action, require prior sanction by the BVI Court.

### QUALIFICATIONS FOR RECOGNITION

26. I am aware of the meaning of "foreign proceeding" as defined in 11 U.S.C. § 101(23) of the Bankruptcy Code. The BVI Liquidation is a judicial proceeding under the supervision of the BVI Court in which the rights of creditors and stake-holders will be determined together pursuant to the 2003 Act, which is a law relating to insolvency and adjustment of debts.

27. I am aware of the definition of "foreign representative" as defined in 11 U.S.C. § 101(24) of the Bankruptcy Code. The Liquidator is duly authorized and empowered by the BVI Court to administer the liquidation of Cinque Terre's assets and affairs, as well as to act as duly authorized representative of the BVI Liquidation internationally.

28. I also am aware that "foreign court" is defined in Section 1502 of the Bankruptcy Code as "a judicial or other authority competent to control or supervise a foreign proceeding." I believe that the BVI Court qualifies as a "foreign court." Furthermore, as noted above, the BVI Court exercises direct control over the BVI Liquidation.

### BVI LAW RELEVANT TO THE DETERMINATION OF COMI

29. By virtue of Section 245 of the BVIBC Act, the situs of Cinque Terre's shares is the BVI. *See id.* ("For the purposes of determining matters relating to title and jurisdiction but not for purposes of taxation, the situs of the ownership of shares, debt obligations or other securities of a company is the Virgin Islands").

### BVI LAW CONCERNING SECURITY INTERESTS

30. BVI law has statutory provisions for the priority of security interests created by

BVI companies. Section 166 of the BVIBC Act provides that a charge over property of a BVI company that is registered in accordance with section 163 of the BVIBC Act has priority over a charge over the property that is subsequently registered and a charge that is not registered.

31. In this case, a review of the BVI Registry indicates that the following entities have registered security interests and charges against the Company:

(i) Credit Suisse AG;

(ii) BNP Paribas (Suisse) SA;

(iii) RB International Finance (USA) LLC; and

(iv) Societe General, Paris, Zurich Branch.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Dated:      April 27, 2016

_____
ANDREW THORP