UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
http://www.nysb.uscourts.gov/

In re:

| | |
|---|---|
| CINQUE TERRE FINANCIAL GROUP LIMITED, | Case No: 16-11086 (JLG)<br>Chapter 15 |
| Debtor in a Foreign Proceeding | |
| _____/ | |

**LIQUIDATOR'S OPPOSITION TO RICHARD ROTHENBERG'S MOTION TO VACATE, IN PART, THIS COURT'S APRIL 29, 2016 ORDER AND TO QUASH THE MAY 2, 2016 SUBPOENA ISSUED THEREUNDER**

Stuart Mackellar, not individually but solely in his capacity as the duly appointed liquidator ("**Liquidator**") of Cinque Terre Financial Group Limited ("**Cinque Terre**" or the "**Foreign Debtor**"), a company undergoing liquidation before the Eastern Caribbean Supreme Court High Court of Justice, Virgin Islands Commercial Division, in the British Virgin Islands (the "**BVI Court**"), claim number BVIHC (COM) 139 of 2015 (the "**BVI Liquidation**"), pursuant to Section 162 of the British Virgin Islands Insolvency Act of 2003 (the "2003 Act"), respectfully submits this Opposition to Richard Rothenberg's Motion to Vacate, in part, this Court's April 29, 2016 Order and to Quash the May 2, 2016 Subpoena Issued thereunder (this "**Motion to Vacate and Quash**"). (Doc. 35 ).

**PRELIMINARY STATEMENT**

Mr. Rothenberg cannot assert the privilege to avoid the turnover of Cinque Terre's records. The Liquidator does not contest that Mr. Rothenberg, individually, has a Fifth Amendment privilege against self-incrimination with respect to the allegations of fraud or that the privilege may apply here to alleviate Mr. Rothenberg from responding to portions of the

subpoena concerning personal records. But Mr. Rothenberg, as the CFO of Cinque Terre, cannot invoke the privilege to avoid the disclosure or turnover of Cinque Terre's records in his possession to the BVI-court appointed representative of Cinque Terre. Under Mr. Rothenberg's proffered theory, a named executive officer could avoid the turnover of company records to a court-appointed administrator of the company by invoking the Fifth Amendment. The Second Circuit rejected this argument. *See Armstrong v. Guccione*, 470 F.3d 89, 113 (2d Cir. 2006) (rejecting argument that turnover of corporate assets and records to court-appointed receiver would violate Fifth Amendment privilege and affirming district court's order of civil confinement for failure to turn over the same). Additionally, Mr. Rothenberg fails to show that the act-of-production privilege applies here because he cannot satisfy that the requested documents are either "testimonial" or "incriminating."

## BACKGROUND

On April 29, 2016, after an *Ex Parte* Hearing, the Court granted in part *ex parte* temporary relief and scheduled a further hearing regarding provisional relief under section 1519 of the Bankruptcy Code. Doc. 9 (the "Relief Order"). The Court found:

> There is a substantial likelihood of success on the merits that the Liquidator will be able to demonstrate that the BVI Liquidation is a foreign main or non-main proceeding entitled to recognition under 11 U.S.C. § 1517(b)(1)-(2), that the Liquidator is the duly appointed foreign representative of Cinque Terre pursuant to 11 U.S.C. §§ 101(24) and 1509, and the Liquidator, in his capacity as foreign representative of Cinque Terre, is entitled to protections afforded by sections 1520 and 1521 of the Bankruptcy Code.

Relief Order at 3. The Court also found: "Unless this Order is issued, there is a material risk that documents, files, data, and other information concerning Cinque Terre in Mr. Rothenberg's possession will be removed outside the United States, spoiled, destroyed, or otherwise made inaccessible, resulting in irreparable harm to Cinque Terre for which it will have no adequate remedy at law." *Id*. Based on these findings, the Court ordered:

2

> 1. Richard Rothenberg, the chief financial officer of Cinque Terre, is temporarily enjoined from destroying, secreting, altering, deleting or otherwise disposing of any documents, records, emails, filings, or other information, however stored, concerning or relating to the assets, affairs, rights, obligations or liabilities of Cinque Terre;
>
> 2. Mr. Rothenberg is directed to immediately provide counsel to the Liquidator access to and copies of, as well as furnish any logon-information and passwords necessary for the Liquidator or technicians acting on his behalf to access, the computer files and/or the network-stored documents of Cinque Terre;
>
> 3. Mr. Rothenberg is directed to immediately turnover and/or provide copies of all files and documents stored on his personal computer that concern Cinque Terre;
>
> 4. Mr. Rothenberg is directed to immediately turnover and/or provide copies of any all emails concerning Cinque Terre, whether those emails are stored on his computer, on a server for Cinque Terre, or on any cloud or web-based email service including but not limited to yahoo.com.

*Id*. at 4. In addition to ordering Mr. Rothenberg to turnover Cinque Terre documents in his possession, the Court authorized the Liquidator to issue a subpoena (the "Subpoena") for "oral examination and production of documents concerning the records, assets, affairs, rights, obligations or liabilities of Cinque Terre." *Id.* Once authorized by the Court, the Liquidator immediately served the Subpoena on Mr. Rothenberg. *See* Docs. 35 at 1, 37-2.

Now, in response to the Relief Order and the Subpoena, Mr. Rothenberg attempts to invoke a blanket Fifth-Amendment privilege to avoid the disclosure of Cinque Terre's records to the BVI-court appointed representative of Cinque Terre. *See* Doc. 35. According to Mr. Rothenberg: "The act of production privilege is applicable in this case because the documents are being sought by compulsion, either by this Court's Order or the Subpoena issued thereunder; the act of production is testimonial, because any such production would necessarily convey information not now known to the requesting parties; and the production would be incriminatory." *Id* at 9.

3

# ARGUMENT

A. *The Subpoena and the Relief Order were directed to Mr. Rothenberg, a custodian of Cinque Terre's records.*

The Liquidator rejects Mr. Rothenberg's contention that "[b]oth the Order and the Subpoena are directed at Rothenberg personally." Doc. 35 at 9. To the contrary, the Relief Order was addressed to Mr. Rothenberg in his capacity as CFO of Cinque Terre. Relief Order at 4 ("Richard Rothenberg, the chief financial officer of Cinque Terre, is temporarily enjoined . . . ."). Second, Mr. Rothenberg, as the Chief Financial Officer of Cinque Terre, is a custodian of Cinque Terre's records. Mr. Rothenberg admits as much in his motion. *See* Doc. 35, p. 2 ("Liquidator has sought certain documents and information from Rothenberg, Cinque Terre's former CFO."). Now that Mr. Rothenberg seeks Fifth Amendment protection, however, he refers to himself as a "former" employee, which directly conflicts with his April 15, 2016 letter where he acknowledged his continued status as CFO after the Liquidator's appointment:

> I write further to your letter of 11 April 2016 and set out my responses below. I am the Chief Financial Officer of the Company. I understand that I remain in office at the Company though I cannot exercise my powers otherwise than in accordance with the BVI Insolvency Act, 2003.

Doc. 3-3 at 3. The majority of the records sought are Cinque Terre's records. *See* Docs. 9, 37-2.

B. *Rothenberg's Fifth Amendment privilege does not limit the Liquidator's right to all of CTFG's books and records.*

The Fifth Amendment's protections do not apply to a company custodian's production of company records because company records are not incriminating to the custodian. First, it is axiomatic that the contents of business records are not privileged. *See Braswell v. U.S.*, 487 U.S. 99 (1988). It is equally well-established that a corporate custodian is not entitled to resist a subpoena on the ground that his act of production will be personally incriminating. *See Braswell v. U.S.*, 487 U.S. 99 (1988) (holding "petitioner could not resist the subpoena for corporate

4

documents on the ground that the act of production might tend to incriminate him."). As the *Braswell* Court explained:

> [T]he custodian of corporate or entity records holds those documents in a representative rather than a personal capacity. Artificial entities such as corporations may act only through their agents, and a custodian's assumption of his representative capacity leads to certain obligations, including the duty to produce corporate records on proper demand by the Government. Under those circumstances, the custodian's act of production is not deemed a personal act, but rather an act of the corporation. Any claim of Fifth Amendment privilege asserted by the agent would be tantamount to a claim of privilege by the corporation-which of course possesses no such privilege.

487 U.S. at 109-10 (citation omitted); *Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991*, 959 F.2d 1158 (2d Cir. 1992) ("Moreover, the custodian of corporate records is not entitled to refuse to produce those records on the ground that their contents may incriminate him personally, because they are not his personal records, and hence any incrimination would not be self-incrimination.").

The subpoena was issued to Mr. Rothenberg is his capacity as a custodian, and Supreme Court and Second Circuit authority are clear that a corporate custodian has no act-of-production privilege because a corporation has no Fifth Amendment privilege. Even with appointment of a Liquidator, Mr. Rothenberg remains a custodian. Mr. Rothenberg acknowledged the same. Doc. 3-3 at 3. Indeed, in *Armstrong*, the Second Circuit was confronted with the precise facts at issue here and held that former-executive Armstrong was required to turn over documents to the Receiver and the act-of-production privilege was no shield. *See* 470 F.3d 89, 98-99 (2d Cir. 2006) (analyzing Fifth Amendment privilege). As the *Armstrong* court reasoned:

> We have little difficulty concluding that, on the day that the turnover order was entered, Armstrong was an officer of the Princeton companies and a custodian of corporate property. The appointment of the receiver did not eliminate Armstrong's custodial duties and it did not sever his relationship with the companies.

*Id.*

5

Moreover, the collective entity rule applies to bar Mr. Rothenberg, as a representative of Cinque Terre, from asserting a privilege. The Second Circuit has recognized:

> Under the long-established 'collective entity rule,' however, corporations cannot avail themselves of the Fifth Amendment privilege. A corollary of this rule is that the custodian of corporate records, who acts as a representative of the corporation, cannot refuse to produce corporate records on Fifth Amendment grounds. This is true (1) whether the subpoena is directed to the corporation itself or to the custodian in his representative capacity, and (2) regardless of how small the corporation may be.

*In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 157-58 (2d Cir. 2010) (internal quotation and citation omitted); *U.S. v. Lebanese Canadian Bank*, No. 11 Civ. 9186 (PAE). 2012 WL 2189188, at *2 (S.D.N.Y. June 14, 2012) ("Accordingly, in the Second Circuit, the custodian of corporate records, who acts as a representative of the corporation, cannot refuse to produce corporate records on Fifth Amendment grounds") (quotation and citation omitted); *OSRecovery, Inc. v. One Groupe Intern., Inc.*, 262 F. Supp. 2d 302, 311 (S.D.N.Y. 2003) ("As an initial matter, the content of business records created on a voluntary basis is not subject to Fifth Amendment protection, and the privilege protects individuals but not collective entities. If Johnson remains an employee or agent of any corporate entity for which he currently holds responsive documents, therefore, the Fifth Amendment does not shield their production.") (footnotes omitted). Here, the collective entity rule applies because the subpoena was served on Rothenberg, a custodian of corporate records, in his representative capacity. Thus, Rothenberg cannot seek Fifth Amendment protection from these requests, at least with respect to Cinque Terre's records.

Moreover, the Liquidator, as the BVI court-appointed representative of Cinque Terre, is entitled to a turnover of all of Cinque Terre's books and records. *See In re Gee*, 53 B.R. 891, 905 (Bankr. S.D.N.Y. 1985) (under former section 304, Court issued order "directing all persons

6

and entities within the Southern District of New York which now have or may hereinafter obtain books and records, to forthwith turn over all such books and records to [Cayman Island Liquidator]"); *see also In re 47-49 Charles Street, Inc.*, No. 93 B 42821(CB), 1999 WL 177432 (S.D.N.Y. Mar. 30, 1999) ("Title 11, section 521 (4) of the Bankruptcy Code clearly requires the Debtor to surrender its books and records to the trustee, and title 11, section 542(e) extends that requirement to attorneys, accounts and other persons who may hold such books and records").

As the Court noted in *In re Schick*:

> . . . two categories of information come to mind which Schick might have to produce in any event. First, the proceedings thus far confirm that Schick wore many hats. He acted as a partner in general and limited partnerships and as a shareholder and officer in corporations. Information which he holds in his representative capacity—but which also relates to property of the estate—would have to be produced. Because Schick refuses to identify the documents in any manner, it is impossible to determine if he is wrongfully withholding records in this category.

215 B.R. 4, 11 (Bankr. S.D.N.Y. 1997). So too here. Failure to comply with a turnover order for company documents to a court-ordered representative should not be allowed. *See Armstrong v. Guccione*, 470 F.3d 89 (affirming district court's order of civil confinement for failure to turn over records to receiver despite Fifth Amendment assertion). At a minimum, the turnover order of this Court is the functional equivalent of the replevin action contemplated by the main case relied upon by Mr. Rothenberg. In re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999, 191 F.3d 173, 182-83 (2d Cir. 1999)("Moreover, the corporation has an independent right to recover any of its missing documents in a replevin action…"). Thus, Mr. Rothenberg must turn over all Cinque Terre records as ordered by this Court.

C.   *No act-of-production privilege applies.*

The subpoena was issued to Mr. Rothenberg in his capacity as custodian of Cinque Terre, not in his personal capacity. But even if the Court holds that the subpoena was issued to Mr.

7

Rothenberg in his personal capacity, Mr. Rothenberg cannot summarily invoke his Fifth Amendment privilege and thereby avoid disclosure of the company's books and records. Rather, Mr. Rothenberg has the burden to show that the records sought by the Liquidator are both "testimonial" and "incriminating." *See In re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999*, 191 F.3d 173, 178 (2d Cir. 1999); *see also* Doc. 35, p. 4 (agreeing that document must be both "testimonial" and "incriminating" to satisfy test). "The burden is on the party asserting the privilege to show that its invocation is proper, and it is for the Court to determine whether the privilege applies based on 'all of the circumstances of the case.'" *Huber v. Arck Credit Company, LLC*, 12-CV-8175 (JMF), 2016 WL 482955, at*6 (S.D.N.Y. Feb. 5, 2016) (citing *Krape v. PDK Labs, Inc*., No. 02-CV-3440 (DRH) (ETB), 2004 WL 831137, at *3-4 (E.D.N.Y. Apr. 19, 2004)). Mr. Rothenberg has failed to carry his burden.

    *i.*    *The requested records are not "testimonial"*

Not all documents are sufficiently testimonial to support the act of production privilege. Indeed, documents are only testimonial if the existence and location of the documents are unknown and where production would authenticate the documents. *See In re Grand Jury Subpoena Dated July 6, 2005*, 256 Fed. Appx. 379, 381-82 (2d Cir. 2007) (knowledge of "the exact number of recordings or conversations, or the precise location of the recordings" was not required so long as existence and location of documents is known); *U.S. S.E.C. v. First Jersey Securities, Inc.*, 843 F.2d 74, 76 (2d Cir. 1988) (not testimonial when possession of documents was a "foregone conclusion" and could be authenticated from other sources); *United States v. Gendrau*, No. 12 Misc. 303, 2014 WL 464754, at *4-6 (S.D.N.Y. Jan. 22, 2014) (subpoenaing party need not know of the entirety of the time bank accounts were open, only that it existed at point in time with reasonable particularity); *In re Grand Jury Subpoena Duces Tecum Dated Nov. 13, 1984*, 616 F. Supp. 1159, 1162 (E.D.N.Y. 1985) (providing self-authenticating

documents and documents prepared by third parties is not testimonial and does not fall under act of production privilege). "As a rule, the surrender of property of the estate is not testimonial, and hence, does not implicate Fifth Amendment concerns." *In re Schick*, 215 B.R. at 10.

Here, the Liquidator is already aware of the existence and possession of the computer, bank accounts, the e-mail accounts, and certain files that were requested. As noted in the Declaration of Stuart MacKellar, Doc. 3 (the "**McKellar Decl.**"), the duly appointed liquidator of CTFG, Mr. Rothenberg is uniquely situated to possess documents for these categories of interest. For example, the Liquidator is aware of CTFG's eight bank account interests but does not know the extent of Mr. Rothenberg's documents concerning the opening, maintenance, and transfers as to these bank accounts. *See* MacKellar Decl. ¶ 34(b). The Liquidator is aware of documents concerning the Benin bunkers assigned to creditor RB International Finance (USA) LLC, as admitted in Mr. Rothenberg's April 15, 2016 letter to the liquidator, where he stated he was making further inquiries. *Id*. ¶ 35(f)(iii). The liquidator is aware of the email accounts he uses to correspond with the liquidator and others used for the business of the company. *Id*. This awareness undercuts the testimonial claim. *See In re Grand Jury Subpoena Duces Tecum Dated Nov. 13, 1984*, 616 F. Supp. 1159, 1162 (E.D.N.Y. 1985) (finding "testimonial" element not satisfied when "government [was] aware that he keeps a set of partnership books, and is aware of two bank accounts—one in the name of the partnership and the other in the name of petitioner and his wife.").

Additionally, the authenticity of many documents can be established from other sources, such as the banks and/or Mr. Bazzoni. Moreover, many of the documents are likely self-authenticating and prepared by third parties. *See In re Grand Jury Subpoena Duces Tecum Dated Nov. 13, 1984*, 616 F. Supp. 1159, 1162 (E.D.N.Y. 1985) (providing self-authenticating

9

documents and documents prepared by third parties is not testimonial and does not fall under act of production privilege).

    *ii.    The requested records are not "incriminating"*

Moreover, Rothenberg has not even begun to explain how turning over corporate documents would be incriminating against him. Simply stating that documents are incriminating in insufficient. *See Huber v. Arck Credit Company, LLC*, 2016 WL 482955, at*6 ("Questions that have no connection to a reasonable fear of prosecution — for example, 'innocuous questions' such as whether a witness owns or rents his home — must be answered."). In *In re Schick*, the Court found that "even if the surrender of the Computer tacitly conceded its existence, location and authenticity as property of the estate, Schick has failed to demonstrate that this testimony would be incriminating." 215 B.R. at 11 (directing turnover of computer and information). Similarly, Mr. Rothenberg has failed to show how turning over Cinque Terre's corporate property would be incriminating against him.

    **C.    In the alternative, the Liquidator respectfully requests the Court allow the Liquidator to serve a substantially identical subpoena on himself.**

If the Court finds that the subpoena was issued to Mr. Rothenberg in his personal capacity, and that Mr. Rothenberg has satisfied his burden that the documents requested by the Liquidator are both testimonial and incriminating, the Liquidator respectfully requests leave of the Court to serve a substantially identical subpoena on the Liquidator of Cinque Terre, who can then appoint Mr. Rothenberg to produce the requested records. *See Securities and Exchange Commission v. Forster*, --- F. Supp. 3d ----, 15–mc–246, 2015 WL 7960386, at*7 (S.D.N.Y. Dec. 5, 2015) ("If the SEC wants the four named companies to produce corporate records, it can serve the companies themselves with subpoenas or direct them to appoint a non-party custodian who can produce the requested records.").

## **CONCLUSION**

WHEREFORE, the Liquidator respectfully requests that this Court deny Mr. Rothenberg's Motion to Vacate and Quash. In the alternative, the Liquidator respectfully requests leave of the Court to serve a substantially identical subpoena on the Liquidator of Cinque Terre, who can then appoint Mr. Rothenberg to produce the requested records and such other and further relief as may be just and proper.

Dated May 17, 2016

                        ASTIGARRAGA DAVIS
                        MULLINS & GROSSMAN P.A.

By:   */s/ Gregory S. Grossman*
       Gregory S. Grossman, Esq.
       Admitted *Pro Hac Vice*
       1001 Brickell Bay Drive, 9th Floor
       Miami, Florida 33131
       Tel: (305) 372-8282
       Fax: (305) 372-8202
       E-Mail: ggrossman@astidavis.com

       Local Counsel:
       Eugene F. Getty, Esq.
       KELLNER HERLIHY GETTY
       & FRIEDMAN, LLP
       470 Park Avenue South, 7th Floor
       New York, New York 10016-6819
       Tel. No. (212) 889-2121
       E-Mail: efg@khgflaw.com

       Attorneys for the Foreign Representative

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case on May 17, 2016.

/s/ *Gregory S. Grossman*
Gregory S. Grossman

F:\WDOX\CLIENTS\10250\1001\00255300.DOCX