UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:

CINQUE TERRE FINANCIAL GROUP LIMITED,

   Debtor in a
   Foreign Proceeding.

---------------------------------------------------------x

: Chapter 15
:
: Case No. 16-11086 (JLG)

### ORDER GRANTING RECOGNITION AND RELIEF IN AID OF FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 1504, 1507, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

THIS CASE came on for hearing before the United States Bankruptcy Court of the Southern District of New York on June 21, 2016 (the "**Hearing**") to consider the application of Stuart MacKellar, in his capacity as the duly appointed liquidator ("**Liquidator**") of Cinque Terre Financial Group Limited ("**Cinque Terre**"), a company undergoing liquidation before the Eastern Caribbean Supreme Court High Court of Justice, Virgin Islands Commercial Division (the "**BVI Court"**), claim number BVIHC (COM) 139 of 2015 (the "**BVI Liquidation**"), pursuant to Section 162 of the British Virgin Islands Insolvency Act of 2003 (the "**2003 Act**"), seeking relief chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

The Court has considered the Official Form Petition, the Verified Petition (together, the "**Petition**"), the Declaration of Stuart MacKellar, (the "**MacKellar Declaration**"), the Declaration of Andrew Thorp, as to BVI law (the "**Thorp Declaration**"), the record in this matter from the prior hearings on the Liquidator's request for provisional relief, the prior orders of this Court in this matter, and the evidence proffered by the Liquidator at the Hearing.

By notice dated May 12, 2016, the Hearing was scheduled and the deadline to file written objections to the application and Petition was set for June 14, 2016. No written objection was filed by any party in interest other than an answer filed by Tacopina & Seigel, former legal counsel for Cinque Terre, to the summons issued to them by the Liquidator because provisional relief was requested of them and the Liquidator had requested the alternative relief of foreign non-main recognition. The answer expresses a lack of knowledge of the allegations of the Petition, raises no contest or defense to recognition of the BVI Liquidation as a foreign main proceeding, and raises no contest or defense to the relief sought in the Petition.

Accordingly, after due deliberation, the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B. Venue of this proceeding is proper in this judicial district under 28 U.S.C. § 1410 (1) and (2) because Cinque Terre has property in the United States and because Cinque Terre is a defendant in an action pending in this District.

C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D. The Liquidator is the duly appointed "foreign representative" of Cinque Terre under 11 U.S.C. § 101(24).

E. This chapter 15 case was properly commenced under 11 U.S.C. §§ 1504, 1509 and 1515.

F. Cinque Terre satisfies the requirements of 11 U.S.C. § 109 as it has property in the United States.

G. The Liquidator has satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H. The BVI Liquidation is a "foreign proceeding" under 11 U.S.C. § 101(23).

I. The BVI Liquidation is entitled to recognition by this Court under 11 U.S.C. § 1517.

J. The BVI Liquidation is pending in the British Virgin Islands, the country where Cinque Terre's center of main interests is located, and accordingly the BVI Liquidation is a "foreign main proceeding" under 11 U.S.C. § 1502(4), and is entitled to recognition as a "foreign main proceeding" under 11 U.S.C. § 1517(b)(1).

K. The Liquidator is entitled to all of the relief provided under 11 U.S.C. § 1520 without limitation.

L. The Liquidator is entitled to all the relief under 11 U.S.C. §§ 1507 and 1521 including, without limitation, the discovery and turnover relief set forth below.

M. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1. **ORDERED** that the BVI Liquidation is recognized as a foreign main proceeding under 11 U.S.C. § 1517(b)(1); and it is further

2. **ORDERED** that the Liquidator is recognized as the foreign representative of Cinque Terre in the United States under 11 U.S.C. §1509; and it is further

3. **ORDERED** that 11 U.S.C. § 1520 is effective with respect to the BVI Liquidation.

4. **ORDERED** that under 11 U.S.C. § 1520(a) all litigation pending against Cinque Terre in the United States is stayed; and it is further

5. **ORDERED** that 11 U.S.C. § 1521(a)(1-4) is effective with respect to the BVI Liquidation and the stay, as provided for by Section 175(c) of the 2003 Act, shall be effective in the United States under 11 U.S.C. § 1507; and it is further

6. **ORDERED** that upon written request served by the Liquidator, all persons or entities subject to the jurisdiction of this Court, including but not limited to Cinque Terre's former officers, directors, employees, representatives, legal advisors, shareholders, members, subsidiaries, counterparties, financial institutions, investment advisors and accountants, are directed to turnover any and all documents, records, filings, or other information, regarding the assets, affairs, rights, obligations or liabilities of Cinque Terre however stored, so long as they are accessible by persons in the United States,; and it is further

7. **ORDERED** that the Liquidator is hereby granted authority to assert claims of Cinque Terre against parties that are subject to jurisdiction in the United States, including but not limited to claims predicated upon fraudulent conveyance or veil piercing not otherwise prohibited under 11 USC §1521(2)(7); and it is further

8. **ORDERED** that the administration or realization of all or part of the assets of Cinque Terre within the territorial jurisdiction of the United States is hereby entrusted to the Liquidator and the Liquidator is hereby established as the exclusive representative of Cinque Terre in the United States; and it is further

9. **ORDERED** that the Liquidator is authorized to issue subpoenas for oral examination and production of documents under Fed.R.Bankr.P. 2004 concerning the records, assets, affairs, rights, obligations or liabilities of Cinque Terre and shortening the

number of days to appear for the examination and produce the documents to fourteen (14) days from the date of service on (a) Cinque Terre's current and former officers, directors, employees, representatives, legal advisors, shareholders, members, subsidiaries, contractual counterparties, investment advisors and accountants, (b) financial institutions where Cinque Terre may have had accounts or holdings, or which may have processed USD wire transfers originating from, for the benefit of or relating to Cinque Terre, its shareholders, members, subsidiaries, contractual counterparties, investment advisors and accountants; and (c) persons or entities the Liquidator has a good faith basis to believe may be holding property or records of Cinque Terre or may have knowledge of others who are holding property or records of Cinque Terre; and it is further

10.     **ORDERED** that all persons and entities subject to the jurisdiction of this Court, are enjoined from destroying, secreting, altering, deleting or otherwise disposing of any documents, records, emails, filings, or other information, however stored, concerning or relating to the assets, affairs, rights, obligations or liabilities of Cinque Terre and such persons and entities, and such persons and entities are directed to provide access to such documents, records, emails, or information via the applicable electronic means to the Liquidator; and it is further

11.     **ORDERED** that all persons and entities subject to the jurisdiction of this Court are enjoined from moving or otherwise disposing of Cinque Terre's assets or records within the territorial jurisdiction of the United States outside the jurisdiction of this Court except for production to the Liquidator;

12.     **ORDERED** that notwithstanding any other provision of this order to the contrary, with respect to Mr. Richard Rothenberg all of the relief provisionally granted against him in this Court's prior Order (D.E. 9) as thereafter modified by and subject to this Court's Order On Motion to Vacate and To Quash dated June 3, 2016 (D.E. 73) remains in effect; and it is further

13. **ORDERED** that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

14. **ORDERED**, that the Liquidator will serve this Order on counsel for Centauro (Boies, Schiller & Flexner LLP), former counsel for Cinque Terre (Tacopina, Seigel & Turano, P.C.), counsel for Mr. Rothenberg (Harris, St. Laurent & Chaudhry LLP), and Mr. Bazzoni by email delivery the day this Order is entered and by regular mail; and it is further

15. **ORDERED,** the Liquidator will serve this Order on (i) all known creditors in the United States (or their United States counsel or registered agent for service of process), (ii) any party that has filed a notice of appearance in this case, and (iii) the Office of the United States Trustee within three days after this Order is entered; and it is further

16. **ORDERED** that such service shall be good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
      June 21, 2016

/s/ *James L. Garrity, Jr.*
United States Bankruptcy Judge
Southern District of New York